UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN HOWARD ELLIOTT,

    Petitioner,

v.

ELDON VAIL and WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

    Respondents.

No. C11-5377 BHS/KLS

ORDER REGARDING MOTIONS TO SUPPLEMENT RECORD, TO AMEND HABEAS PETITION, and FOR LEAVE TO PROCEED INFORMA PAUPERIS

Before the Court are Petitioner's motions to supplement the state court record, to amend his habeas petition, and for leave to proceed *in forma pauperis* (IFP). ECF Nos. 18, 19 and 20. After careful review, the Court finds and **ORDERS** as follows:

## DISCUSSION

**A.    Motion to Supplement Relevant State Court Record – ECF No. 18**

Rule 5(c) of the rules governing § 2254 cases provides that the respondent shall indicate in the answer to a habeas petition what transcripts are available and what proceedings have been recorded but not transcribed. The State must attach to its answer any parts of the transcript it deems relevant. Once this is done, the court, on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. Rules Governing Section 2254 Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004). As noted by the *Simental* court, on habeas

ORDER - 1

review, except in limited circumstances, the district court does not make independent factual determinations. *Id*. citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d 585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court.)

The Ninth Circuit's holding in *Richmond v. Ricketts*, 774 F.2d 957 (9th Cir. 1985), requiring that the district court examine all relevant parts of the state court record, is not inconsistent with these holdings or Rule 5. Under Rule 5, the determination of relevance is left to the discretion of the respondent. A demand for further documentation can only be executed by court order *sua sponte* or by request of the petitioner. § 28 U.S.C.A. 2254, Rule 5, Advisory Committee Notes, 1976 Adoption. Upon such a request the burden is placed on the petitioner to prove to the court that the excluded materials requested are relevant and necessary. When a dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the excluded materials are necessary for the petition. *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz. 1986).

Mr. Elliott identifies three "deficiencies" in the state court record that has been provided by Respondent:

> 1) The reply filed by Mr. Elliott in Washington Court of Appeals Case No. 39674-2-II.

Mr. Elliott argues that this document is relevant because it "further federalized Constitutional errors for the State Court's consideration". ECF No. 18 at 2. Respondent argues that the reply brief is not relevant because, under state rules of appellate procedure, Mr. Elliott's reply brief should have been limited to the issues in the brief to which the reply brief is directed and therefore, he could not have raised any new claims or presented previously presented claims

ORDER - 2

as federal constitutional ones. ECF No. 22 at 3. Respondent contends that Mr. Elliott failed to exhaust several of his claims, some for failure to present the claims as federal constitutional ones. Therefore, in the interest of completeness and fairness, Respondent should provide a copy of Mr. Elliott's reply as it may be relevant to the issue of exhaustion.

>    2) All portions of Mr. Elliott's second personal restraint petition (Case No. 40570-9-II), including all documents filed with the state trial court and Washington Supreme Court. ECF No. 18 at 2.

Mr. Elliott argues that these records are necessary to make a complete record "on a one time effort at habeas relief." *Id.* at 3. Mr. Elliott's second personal restraint petition challenged the conditions imposed in his Judgment and Sentence and raised no federal constitutional issues. In addition, the Washington Supreme Court dismissed the petition as time-barred. As noted below, the Court denies Mr. Elliott's motion to amend his habeas petition to include the claims raised in his second personal restraint petition. Therefore, his motion to expand the record to include documents relating to his second personal restraint petition is denied.

>    3) All pre-trial and trial transcripts including hearings on sentencing through June 29, 2005.

Respondent has produced no trial transcripts. *See* ECF No. 16 (Notice of Filing Respondent's Submission of Relevant State Court Record). The Respondent must attach to its answer any parts of the transcript it deems relevant to the claims raised by Mr. Elliott. However, Respondent contends that all but one of Mr. Elliott's nine habeas claims are unexhausted and procedurally barred. Respondent did not address these claims on the merits. A request for trial transcripts as to these claims, therefore, is premature. If the Court determines that any of these claims have, in fact, been properly exhausted, it will direct the parties to provide further briefing along with the relevant state court record.

ORDER - 3

As to claim four (an ineffective assistance of counsel claim relating to counsel's failure to challenge a polygraph) the Washington appellate courts held that Mr. Elliott had failed to present any evidence other than a lack of documentation suggesting that there were any calibration or functionality issues with the polygraph and even if counsel had made a record on this issue, Mr. Elliott failed to show a reasonable probability that the result of this trial would have been different because the "State relied on compelling witness testimony." ECF No. 16, Exhs. 10 and 12. The Court cannot make a full determination under *Strickland v. Washington,* 466 U.S. 668 (1984) without those portions of the trial transcript containing the "compelling witness testimony." Accordingly, the Respondent shall produce the portions of the trial transcript relevant to Mr. Elliott's fourth habeas claim.

**B.     Motion to Amend Habeas Petition – ECF No. 19**

Mr. Elliott moves to amend his habeas petition to include a tenth ground for relief. Specifically, Mr. Elliott seeks to attack the amendment made to his judgment and sentence by the trial court on June 29, 2005. He argues that the amendment was to be an administrative correction only, but that without notice, twenty-two additional restraints were placed on his liberty. ECF No. 19 at 5. Mr. Elliot raised this proposed ground for relief in his second personal restraint petition. *See* ECF No. 22 (Exhibits 1-3) (Washington Court of Appeals Case No. 40570-9-II; Washington Supreme Court Case No. 85349-95). However, the Washington courts found the petition untimely under RCW 10.73.090. *Id.*

A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). *Harris* is limited in scope, however, to circumstances in

ORDER - 4

which "it fairly appears that the state court rested its decision primarily on federal law." *Coleman v.* Thompson, 501 U.S. 722, 736, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Here, there is no indication that the Washington Supreme Court rested its decision primarily on federal law. Rather, the Washington Supreme Court denied review of Mr. Elliott's petition after expressly finding that RCW 10.73.090 barred the petition, the lower court properly dismissed it, the sentence was facially valid, and no RCW 10.73.100 exemptions to the one year time bar applied. ECF No. 22 at 2, Exh. 3 at 1-3. Thus, the claim is not cognizable in federal court unless Mr. Elliott can show "cause" for the default and "prejudice attributable thereto," *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986), or demonstrate that failure to consider the federal claim will result in a "'fundamental miscarriage of justice.'" *Id.*, at 495, 106 S.Ct., at 2649, quoting *Engle v. Issac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1576, 71 L.Ed.2d 783 (1982). See also *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986).

Mr. Elliott fails to show cause and prejudice. Mr. Elliott argues that leave to amend should be granted so that he may avoid having to file successive federal habeas claims. Because the proposed claim is untimely and procedurally defaulted, however, it is not cognizable in federal court. Accordingly, this motion shall be denied.

**C.     Motion to Proceed IFP – ECF No. 20**

Mr. Elliott filed his habeas petition on May 16, 2011. ECF No. 1. At the time of filing, he paid the $5.00 filing fee. *Id.* (Receipt #T-8719). On October 13, 2011, he submitted an IFP application. ECF No. 20. Mr. Elliott states that he seeks IFP status for the purpose of discovery, the appointment of counsel and in the event of an appeal to the Ninth Circuit Court of Appeals.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the *commencement* of an action, without the prepayment of fees, by a person who establishes that he is unable to pay such fees. Mr. Elliott has already paid the $5 filing fee and has, therefore, established that he is financially able to pay the $5 filing fee to commence this action. Whether Mr. Elliott may be deemed to be entitled to discovery, the appointment of counsel, or IFP status on appeal, are all separate questions which need not be resolved at this time.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe,* 852 F.2d 424, 429 (9th Cir.1988); *Brown v. Vasquez,* 952 F.2d 1164, 1168 (9th Cir.1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. At this juncture, the Court is not satisfied that the interests of justice are best served by appointment of counsel. If the Court later determines that an evidentiary hearing is required, or if Mr. Elliott later satisfies the Court that the interests of justice otherwise require the appointment of counsel, Mr. Elliott will be given an opportunity to establish that he is financially eligible for such an appointment.

Accordingly, it is **ORDERED** as follows:

(1) Petitioner's motion to supplement the state court record (ECF No. 18) is **GRANTED as to (1)** the reply filed by Mr. Elliott in Washington Court of Appeals Case No. 39674-2-II and **(2)** state court transcripts relevant to claim four. Petitioner's motion is **DENIED at this time** in all other respects. Respondents shall provide these supplements to the state court record **on or before January 6, 2012.**

ORDER - 6

(2) The time for Petitioner to file his response shall be extended from November 21, 2011 until **February 6, 2012.** Respondents may file a reply **on or before February 10, 2012.** The Clerk shall re-note the habeas petition on the Court's calendar for **February 10, 2012.**

(3) Petitioner's motions to amend (ECF No. 19) and motion for leave to proceed IFP (ECF No. 20) are **DENIED.**

(4) In light of the foregoing, Petitioner's motion for an extension of time (ECF No. 24) is **DENIED as moot.**

(5) The Clerk shall send a copy of this Order to Petitioner and counsel for Respondents.

**DATED** this  29th  day of November, 2011.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 7