UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN HOWARD ELLIOTT,

    Petitioner,

v.

ELDON VAIL and WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

    Respondents.

No. C11-5377 BHS/KLS

ORDER DENYING PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING, TO EXPAND THE RECORD, AND RENEWED MOTION TO PROCEED IN FORMA PAUPERIS AND APPOINTMENT OF COUNSEL

Before the Court are Petitioner's Motion for Consideration of Missing Portions of Record and Motion for Evidentiary Hearing. ECF Nos. 31 and 33. Petitioner is requesting that two motions that he filed in state court relating to his indigency be included in the state court record and that he be granted an evidentiary hearing and counsel. *Id.* Respondent opposes the motions. ECF Nos. 32 and 34. In his reply, Petitioner renews an earlier motion to proceed *in forma pauperis*. ECF No. 36. The Court finds that Petitioner's motions should be denied.

## DISCUSSION

This Court previously granted Petitioner's motion to supplement the record with a reply that he filed in Washington Court of Appeals Case No. 39674-2-II and the trial transcripts relevant to an ineffective assistance of counsel claim. ECF No. 25, at 2. The Court denied Mr. Elliott's motion to supplement the record in all other respects. *Id.* The Court also denied Mr. Elliott's request to proceed *in forma pauperis* because Mr. Elliott paid the filing fee and had, therefore, established that he is financially able to commence this action. *Id.*, at 6.

ORDER - 1

A. **Motion to Expand the Record (ECF No. 31)**

Mr. Elliott motions the Court to order the inclusion of motions for finding of continued indigency that he filed in the state court in February and March 2010. He argues that these motions "expressly request an evidentiary hearing and/or a reference hearing in the respective courts through finding Petitioner indigent and appointment of counsel to develop the facts necessitating an evidentiary hearing." ECF No. 31, at 3.

Rule 5(d) of the Rules Governing Section 2254 Cases provides that Respondent is to include "any brief that the petitioner submitted in appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding." Neither the rule nor advisory committee notes indicate the Respondents must attach petitioner's motions for appointment of counsel and finding of indigency or that such motions qualify as briefs by Petitioner. In addition, the motions do not reflect that Mr. Elliott requested a state evidentiary hearing. In the second paragraph of the motions, Mr. Elliott requested the state court, inter alia, to "*preliminarily adjudicate the assignment of counsel upon finding of the Chief Justice that the issues raised within the Personal Restraint petition are not frivolous….*" *See* ECF No. 31, Appendix A, at 1 and Appendix B, at 1 (emphasis added). Accordingly, this motion (ECF No. 31) is **DENIED.**

B. **Motion for Evidentiary Hearing (ECF No. 33)**

Prior to the Antiterrorism and Effective Death Penalty Act (AEDPA), the decision to grant an evidentiary hearing was generally left to the discretion of the district court. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). While that basic rule remains the same, the AEDPA changed the standards for granting habeas corpus relief. *Id.* The AEDPA prohibits federal courts from granting relief unless the state court's decision was contrary to or an unreasonable

ORDER - 2

application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Id.* (citing 28 U.S.C. § 2254(d)). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Landrigan,* 550 U.S. at 473 (citing *Williams v. Taylor,* 529 US. 362 (2000)).

The AEDPA also requires federal habeas courts to presume as correct any state court factual findings unless the petitioner rebuts the findings by clear and convincing evidence. *Landrigan,* 550 U.S. at 474 (citing 28 U.S.C. § 2254(e)(l)). Thus, under the AEDPA, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan,* 550 U.S. at 474. "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* "*It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.*" *Id.* (emphasis added). "This principle accords with AEDPA's acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences.'" *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (other citations omitted).

As noted by Respondent, the current version of 28 U.S.C. § 2254(e)(1) and (2), as well as the application of *Schriro v. Landrigan*, supersede the former statute as well as the old case law on which Mr. Elliott relies, specifically, *Townsend v. Sain*, 372 U.S. 293, 313 (1963), for his contention that he is entitled to an evidentiary hearing. ECF No. 36.

ORDER - 3

In order to obtain an evidentiary hearing, Mr. Elliott must show that the decisions by the Washington State courts in his case were objectively unreasonable, or that they were unreasonable determinations of the facts in light of the evidence presented during his State court proceedings. *See* 28 U.S.C. § 2254(d)(1) and (2); *see also Lonchar v. Thomas*, 517 U.S. 314, 326 (1996). Mr. Elliott has failed to carry this burden. As noted in the discussion above, the motions that Mr. Elliott filed in state court did not request a state court evidentiary hearing and the mere filing of a personal restraint petition in state court does not substitute as a request for a hearing. Respondent correctly notes that Rule of Appellate Procedure (RAP) 16.11 does not support this argument. The Rule outlines four possible actions when the Chief Judge receives a personal restraint petition (PRP): (1) initial dismissal by the Chief Judge if it is frivolous, (2) referral to the panel of judges for determination on the merits based solely on the record, (3) referral to the superior court for determination on the merits, or (4) referral to superior court for a reference hearing if the petition cannot be determined solely on the record. RAP 16.11(b). The rule does not state that filing a PRP, without more, amounts to a request for a state reference hearing.

Mr. Elliott's PRP was ruled on by a chief judge who held it was frivolous in accordance RAP 16.11(b). ECF No. 16, Exh. 10. Mr. Elliott claims the chief judge denied his request for an evidentiary hearing. ECF No. 33, at 6. However, the record reflects that Mr. Elliott filed four motions (for sanctions, to recover previously imposed appellate courts, to strike the State's motion, and for finding of continued indigency). ECF No. 16, Exh. 10, at 6. He never moved for a state evidentiary hearing. Therefore, the chief judge did not and could not have denied it.

Mr. Elliott also argues that he is entitled to an evidentiary hearing because Respondent conceded an issue regarding polygraph evidence. ECF No. 33, at 7. Mr. Elliott bases this

ORDER - 4

contention on a declaration signed by his trial counsel on February 1, 2012. *Id.* In it, his trial counsel relates what six of the jurors told her regarding the polygraph evidence and how they reached their verdict on the second count. ECF No. 27-2 (Reply, Appendix B – Declaration of Lennel Nussbaum), at 2. The undersigned has declined to consider this declaration for several reasons and those reasons are set out in a separate Report and Recommendation addressing Mr. Elliott's federal habeas petition. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties will have ample opportunity to file written objections, if any, to the undersigned's Report and Recommendation.[1]

There is no record that Mr. Elliott requested a state court evidentiary hearing and therefore, he is not entitled to a hearing in this Court. *See, Williams v. Taylor*, 529 U.S. 420, 437 (2000):

> Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. … If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.

(Emphasis added).

Mr. Elliott is not entitled to an evidentiary hearing in this Court. His request for counsel is, therefore, also denied.

---

[1] Under separate Report and Recommendation, the undersigned has recommended that Grounds One, Three, Four, Six, Seven, Eight, and Sub-Claim Two of Ground Five of Mr. Elliott's federal habeas petition be dismissed with prejudice because they are unexhausted and that Ground Four be denied and dismissed on the merits. The undersigned has also recommended to the District Court that this matter be re-referred so that the parties may provide further briefing as to Grounds Two, Nine, and Sub-Claim One of Ground Five.

ORDER - 5

C.  **Renewed Motion to Proceed *In Forma Pauperis***

This Court denied Mr. Elliott's motion to proceed *in forma pauperis* on November 29, 2011. ECF No. 25. Mr. Elliott has already paid the $5.00 filing fee and has, therefore, established that he is financially able to commence this action. The Court denies Mr. Elliott's motions for evidentiary hearing and for the appointment of counsel. Therefore, his renewed motion to proceed *in forma pauperis* is also denied.

**IT IS ORDERED:**

(1) Petitioner's motions to expand the record, for evidentiary hearing, to proceed *in forma pauperis* and for the appointment of counsel (ECF Nos. 31 and 33) are **DENIED.**

(2) The Clerk is directed to send copies of this Order to Petitioner and counsel counsel for Respondent.

**DATED** this 27th day of March, 2012.

Karen L. Strombom
United States Magistrate Judge