UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN HOWARD ELLIOTT,

               Petitioner,

v.

ELDON VAIL and WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

               Respondents.

CASE NO. C11-5377 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

     This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 38), and Petitioner Brian Howard Elliott's ("Elliott") objections to the R&R (Dkt. 43).

     On March 27, 2012, Judge Strombom issued the R&R recommending that the Court: (1) dismiss with prejudice Grounds One, Three, Six, Seven, Eight, and Sub-Claim Two of Ground Five because they are procedurally defaulted and (2) deny Ground Four on the merits. Dkt. 38 at 1. Judge Strombom also recommended re-referring the matter for further consideration on the remaining ground for relief. *Id.* On May 14, 2012, Elliott filed objections to the R&R. Dkt. 43.

ORDER - 1

1   The district judge must determine de novo any part of the magistrate judge's
2   disposition that has been properly objected to.  Fed. R. Civ. P. 72(b)(3).  In this case,
3   Elliott has objected to Judge Strombom's R&R on every ground for relief.  Elliott does
4   not object to Judge Strombom's conclusion that Elliott is not entitled to any exception
5   that would excuse a procedural default.  Instead, Elliott's objections focus on whether the
6   grounds were properly exhausted.  Therefore, the Court adopts Judge Strombom's
7   conclusion that if a ground is procedurally defaulted, Elliott has failed to demonstate any
8   excuse for such default.  Dkt. 38 at 20–22.
9   With regard to the other issues, the Court will address each issue in turn.[1]

10  **A.   Ground One**

11  Elliott's first ground for relief is that the state trial court found that the minor that
12  testified against Elliott, MJ, was competent as a witness.  Dkt. 1 at 24.  Elliott claims that
13  the lack of competency violated his Sixth Amendment right to confront witnesses against
14  him.  *Id*.; Dkt. 16, Exh. 6 at 6–13.  Judge Strombom concluded that Elliott had failed to
15  exhaust this ground in either round of the state court review because (1) Elliott failed to
16  present this claim on direct appeal to the state court of appeal and (2) he failed to present
17  this claim to the state supreme court on collateral review.  Dkt. 38 at 14–15.  Elliott
18  presents four objections to this conclusion: (1) Elliott cannot be held liable for counsel's
19  failure to present this issue as a federal constitutional issue on direct appeal, (2) on
20  collateral attack, the Washington Supreme Court Commissioner was obligated to review
21  
22  _____
    [1] The facts are set forth in the R&R and need not be repeated.

1  Elliott's entire personal restraint petition and all aspects of the record in order to render a
2  determination on the merits, (2) Elliott cited state case law centered on the constitutional
3  violation, which fairly presents the constitutional issue to the state court, and (3) Elliott
4  cited the Sixth Amendment in his motion to modify the commissioner's ruling.  Dkt. 43
5  at 3–5.  The Court will handle each objection in turn.

6  First, ineffective assistance of counsel is a separate ground for relief in and of
7  itself.  Elliott, however, has failed to show that this ground, as presented, was fully
8  exhausted.  Therefore, Elliott's objection is without merit.

9  Second, Elliott argues that under *State v. Frederick*, 100 Wn.2d 550 (1983),
10 *overruled in part on other grounds by Thompson v. Dep't of Licensing,* 138 Wn.2d 783
11 (1999), the Washington Supreme Court Commissioner was obligated to review Elliott's
12 entire personal restraint petition.  Elliott, however, cites the dissenting opinion of Justice
13 Dimmick, which is not binding law.  *See Frederick*, 100 Wn. 2d at 564.  Therefore,
14 Elliott's objection is legally unsupported.

15 Third, Elliott argues that state case law centered on a constitutional issue is
16 sufficient to satisfy the requirement of fairly presenting a claim to a particular state court.
17 Dkt. 43 at 3 (citing *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003)).  Elliott
18 asserts that he cited *State v. Allen*, 70 Wn.2d 690 (1967), *State v. Ryan*, 103 Wn.2d 165
19 (1984), and *In re Dependency of A.E.P.*, 135 Wn.2d 208 (1998).   All three cases,
20 however, determine the competency of a child witness on state law grounds.  *See, e.g.,*
21 *Ryan*, 103 Wn.2d at 171–173.  Therefore, Elliott's objection is legally unsupported.
22

1    Fourth, Elliott argues that he presented this claim in his amended motion to
2 modify the ruling of the Supreme Court Commissioner.  Dkt. 43 at 4–5; *see* Dkt. 16, Exh.
3 13 at 5–10.  Although Elliott included this claim in his motion to modify, he has failed to
4 show that this particular motion qualifies as an opportunity to fully and fairly present a
5 claim to the Washington Supreme Court.  For example, the court may not have
6 considered the issue because it was not presented to the commissioner that issued the
7 original order denying review.  Moreover, Elliott fails to cite any binding precedent for
8 this proposition.  Therefore, the Court adopts the R&R on this ground and dismisses this
9 ground with prejudice as procedurally defaulted.

10 **B.    Ground Two**

11    Elliott's second ground for relief is whether M.J. sufficiently testified to satisfy his
12 right to confront her.  Judge Strombom concluded that this ground was exhausted and
13 should be reviewed on the merits.  The Court agrees, adopts the R&R on this ground for
14 relief, and re-refers the ground for further consideration.

15 **C.    Ground Three**

16    Elliott's third ground for relief is whether all of the elements of the charge were
17 proven beyond a reasonable doubt because M.J. failed to testify to any abuse within the
18 charging period.  Dkt. 1 at 25.  Judge Strombom concluded that the ground was not
19 properly exhausted because, under a liberal construction of Elliott's pleadings, he never
20 presented this issue in its present form at any level of state review.  Dkt. 38 at 16.  Elliott
21 argues that it is his appellate counsel's fault that the issue was not developed in the state
22 court and that he should not be held liable for that ineffective assistance.  Dkt. 43 at 6–7.

1  Elliott, however, has failed to show that he presented this ground for relief as a

2  constitutional ineffective assistance of counsel issue to the state courts. Therefore, the

3  Court finds that Elliott's objection is without merit, adopts the R&R on this issue, and

4  dismisses with prejudice Elliott's third claim for relief as procedurally defaulted.

5  **D.     Ground Four**

6        Elliott's fourth ground for relief is whether his trial counsel provided ineffective

7  assistance because counsel failed to request or admit into evidence calibration records for

8  the polygraph machine. Dkt. 1 at 25. Judge Strombom concluded that the state court

9  adjudications were not contrary to nor unreasonable applications of the United States

10 Supreme Court precedent. Dkt. 38 at 29. Elliott raises two objections: (1) he should

11 have been appointed counsel for his state court collateral attack proceeding and (2) the

12 state courts' adjudications were objectively unreasonable and contrary to federal law.

13 Dkt. 43 at 7–14.

14       First, Elliott argues that he was entitled to counsel for his personal restraint

15 petition. Elliott cites the recent Supreme Court slip opinion of *Martinez v. Ryan*, 566 U.

16 S. ____ (2012) (Slip Op. March 20, 2012). In *Martinez*, the Court held that:

17 > Where, under state law, claims of ineffective assistance of trial
> counsel must be raised in an initial-review collateral proceeding, a
18 > procedural default will not bar a federal habeas court from hearing a
> substantial claim of ineffective assistance at trial if, in the initial-review
19 > collateral proceeding, there was no counsel or counsel in that proceeding
> was ineffective.
20

21 *Id*. at 15. Contrary to Elliott's contention, the Supreme Court did not establish a

22 precedent that every individual is entitled to the assistance of counsel on collateral attack.

ORDER - 5

1  Instead, the Supreme Court established an exception to a procedural default if certain
2  circumstances exist.  Elliott's ineffective assistance of counsel claim is not procedurally
3  defaulted and, therefore, *Martinez* is not relevant to the merits of Elliott's claim.
4        Second, ineffective assistance of counsel involves a two-part analysis: (1) Elliott
5  must show that counsel's performance was so deficient that it "fell below an objective
6  standard of reasonableness" and (2) Elliott must show that "there is a reasonable
7  probability that, but for counsel's unprofessional errors, the result of the proceeding
8  would have been different." *Strickland v. Washington*, 466 U.S. 668, 686–694 (1984).
9  Under the first part, Elliott contends that the state was required to show, as an element of
10 the crime, that the polygraph machine was properly calibrated.  Dkt. 43 at 10.  Elliott
11 bases this contention on what he considers analogous crimes such as driving under the
12 influence of alcohol or speeding, in which the state must admit into evidence an expert's
13 declaration regarding the calibration of the breathalyzer machine or speed detection
14 device.  *See* Dkt. 16, Exh. 8 at 73–77.  Elliott's contention is misplaced because a
15 polygraph machine is used to determine his credibility and not to prove an actual element
16 of the crime for which he was charged.
17       Even if counsel's failure to contest the reliability of all of the evidence admitted
18 against Elliott fell below an objective standard, Elliott has failed to show that the state
19 court adjudications on the second part of the test were deficient.  Both courts found that
20 mere speculation that the polygraph machine was not calibrated does not result in a
21 reasonable probability that the result of Elliott's trial would have been different.  Dkt. 16,
22 Exh. 10 at 4 & Exh. 13 at 3.  The Court agrees with Judge Strombom that these decisions

are not contrary to nor unreasonable applications of Supreme Court precedent.

Therefore, the Court adopts the R&R and denies Elliott's fourth ground for relief.

**E.     Ground Five**

Elliott's fifth ground for relief consists of two parts: (1) the trial court failed to properly consider the reliability and validity of the MGQT polygraph; and (2) the trial court failed to properly consider all elements of the parties' stipulation for admission of MGQT polygraph evidence and dropping charges against petitioner. Dkt. 1 at 26. Judge Strombom concluded that part one was exhausted and should be re-referred for further consideration and that part two was not exhausted. Dkt. 38 at 16–17. Elliott objects to the separation of his claims and to the conclusion that the second part is not exhausted. Dkt. 43 at 14–16.

First, Elliott argues that the second part of his claim derives from the first part, is synergistic, and inseparable. Dkt. 43 at 14. The Court has reviewed the portion of the record Elliott cites in support of his argument (Dkt. 16, Exh. 8 at 21–30) and, even under a liberal reading, finds that a complete review of the entire stipulation does not flow from the issues presented to the state courts. Therefore, Elliott's objection is not supported by the record.

Second, Elliott argues that his claim may vary from that presented in state court as long as the substance of the claim is the same. Dkt. 43 at 15. However, a review of the entire stipulation admitting the polygraph test is substantially different from a review of the reliability and validity of a polygraph. Elliott failed to present issues regarding the stipulated admission of the polygraph to the any state court at all, much less as a

1  constitutional issue.  Therefore, the Court adopts the R&R and dismisses with prejudice
2  part two of Elliott's fifth ground for relief as procedurally barred.

3  **F.     Ground Six**

4  Elliott's sixth ground for relief is whether the prosecutor suborned perjury when
5  the state expert testified about the scoring methodology for the MGQT polygraph.  Dkt. 1
6  at 26.  Judge Strombom concluded that, even though Elliott framed this claim as a
7  constitutional violation in his motion to modify, Elliott previously presented this claim to
8  the state courts only as a violation of state law.  Dkt. 38 at 17–18.  Elliott objects on the
9  basis that the issue was presented as a federal issue to both the state court of appeal and
10 the state supreme court.  Dkt. 43 at 16–17.

11 The Court has reviewed Elliott's personal restraint petition (Dkt. 16, Exh. 8), reply
12 brief (*id.*, Exh. 15), and motion for discretionary review (*id.*, Exh. 11).  Elliott did not
13 present this issue as a federal constitutional issue in his personal restraint petition.  Elliott,
14 however, did cite United States Supreme Court decisions on this issue in his reply brief.
15 *Id.*, Exh. 15 at 12.  Elliott then incorporated by reference his reply brief in his motion for
16 discretionary review.  *Id.*, Exh. 11 at 19.  Incorporation by reference of the claims
17 presented earlier is not the proper presentation of arguments as required by Washington
18 Rules of Appellate Procedure 10.3(a)(5).  *See Saldin Securities, Inc. v. Snohomish*
19 *County*, 134 Wn.2d 288, 297 n.4 (1998).  A petitioner's failure to comply with the state's
20 procedural rules for the proper briefing of legal issues constitutes a lack of fair
21 presentation.  *Kibler v. Walters*, 197 F.3d 1251 (9th Cir. 1999), *amended by Kibler v.*
22 *Walters*, 220 F.3d 1151 (9th Cir. 2000).  Therefore, even though Elliott may have

properly presented the argument in one brief, he has failed to show that he properly presented the argument as a federal constitutional violation at every level of the state courts' review. The Court adopts the R&R on this issue and Elliott's sixth ground for relief is dismissed with prejudice as procedurally barred.

**G.     Ground Seven**

Elliott's seventh ground for relief is whether the prosecutor suborned perjury from his expert regarding the MGQT "as though" it were a generally accepted practice in the relevant community. Dkt. 1 at 27. Judge Strombom concluded that this claim was not exhausted and is now procedurally barred. Dkt. 38 at 18. Elliott objects on the same grounds that he did for his sixth ground for relief. Dkt. 43 at 18. The Court found that Elliott's previous objection was fundamentally flawed. Therefore, the Court adopts the R&R on this issue and Elliott's seventh ground for relief is dismissed with prejudice as procedurally barred.

**H.     Ground Eight**

Elliott's eighth ground for relief is based on several assertions of prosecutorial misconduct. Dkt. 1 at 27. Judge Strombom concluded that none of the assertions of misconduct were properly presented in his motion for discretionary review and are, therefore, unexhausted. Dkt. 38 at 19. Elliott objects, arguing that he incorporated his personal restraint petition and reply brief into his motion for discretionary review. Dkt. 43 at 19–20. This objection is legally flawed as set forth above in Section F. Therefore, the Court adopts the R&R and Elliott's eighth ground for relief is dismissed with prejudice as procedurally barred.

## I. Ground Nine

Judge Strombom concluded that this ground was exhausted and should be re-referred for further consideration. Dkt. 38 at 19–20. The Court agrees and adopts the R&R on this ground for relief.

Therefore, the Court having considered the R&R, Elliott's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Elliott's first, third, second part of the fifth, sixth, seventh, and eighth ground for relief are **DISMISSED with prejudice** as procedurally defaulted;

(3) Elliott's fourth ground for relief is **DENIED**; and

(4) Elliott's second, first part of the fifth, and ninth ground for relief are **RE-REFERRED** for further consideration.

Dated this 2nd day of August, 2012.

BENJAMIN H. SETTLE
United States District Judge