

**11-CV-05377-ORD**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN HOWARD ELLIOTT,<br><br>    Petitioner,<br><br>    v.<br><br>ELDON VAIL and WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>    Respondents. | CASE NO. C11-5377 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 48), and Petitioner Brian Howard Elliott's ("Elliott") objections to the R&R (Dkt. 53).

On March 27, 2012, Judge Strombom issued the first R&R recommending that the Court: (1) dismiss with prejudice Grounds One, Three, Six, Seven, Eight, and Sub-Claim Two of Ground Five because they were procedurally defaulted and (2) deny Ground Four on the merits. Dkt 38 at 1. Judge Strombom also recommended re-referring the matter

ORDER - 1

1   for further consideration on the remaining grounds for relief. *Id.* On August 2, 2012, the

2   Court issued an order adopting Judge Strombom's R&R. Dkt. 44.

3         On November 9, 2012, Judge Strombom issued the second R&R recommending

4   the Court deny petitioner's §2254 petition with prejudice as to Grounds Two, Sub-Claim

5   One of Ground Five, and Ground Nine. Dkt. 48 On March 22, 2013, Elliott filed

6   objections to the R&R. Dkt. 53.

## I. DISCUSSION

8         The district judge must determine de novo any part of the magistrate judge's

9   disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In this case,

10   Elliott has objected to Judge Strombom's second R&R on every ground for relief.

11         With regard to the remaining issues, the Court will address each issue in turn.[1]

### A.   Ground Two

13         Elliott argues that his Sixth Amendment right of confrontation was violated when

14   MJ's testimony on direct did not allow for sufficient cross-examination. Dkt. 1 at 24.

15   From what the Court can determine, Elliott's argument is based on three theories: (1) that

16   MJ was incompetent to testify; (2) that out-of-court testimony was admitted in trial after

17   MJ testified; and (3) that the prosecutor failed to question MJ regarding her out-of-court

18   statements, which prejudiced Elliott's ability to cross-examine MJ. Dkt. 53 at 3. The

19   Court will handle each theory in turn.

---

[1] The facts are set forth in the R&R and need not be repeated.

1  First, Elliott argues that MJ was incompetent to testify as a witness and therefore his Sixth Amendment right of confrontation was violated.  The Court previously dismissed the claim that MJ was incompetent to testify as a witness, and held that Elliott failed to exhaust this ground in either round of the state court review.  Dkt. 44 at 2.  Therefore, the Court will not consider Elliott's Sixth Amendment right of confrontation claim to the extent it is premised upon his claim that MJ was incompetent to testify as a witness.

Second, Elliott argues that out-of-court declarations were admitted in trial after MJ testified, and therefore MJ did not testify sufficiently for proper cross-examination.  Dkt. 53 at 13.  Not only does Elliott fail to cite any authority to support his proposition that out-of-court declarations must admitted before the declarant testifies, he also fails to cite to any portion of the record which would show the trial judge refused him the opportunity to re-cross examine MJ after the admission of the out-of-court declarations were admitted.  The Supreme Court has held, in fact, that "[w]here the delcarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem." *California v. Green*, 399 U.S. 149, 162 (1970).  Because MJ was available to testify and subject to cross-examination, Elliott has failed to show that the admission of her out-of-court declarations creates a confrontation problem.

Third, Elliott argues that MJ did not "testify" as required under RCW 9A.44.120 because the prosecution failed to adequately draw out testimony from the child before admitting the child's hearsay.  Dkt. 53 at 5-6.  Elliott fails to cite any clearly established

federal law for this proposition. In fact, the true question with regard to a confrontation issue is whether a defendant was afforded a "full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the fact finder the reasons for giving scant weight to the witness' testimony." *U.S. v. Owens*, 484 U.S. 554, 558 (1988). In this case, MJ testified and was subject to cross-examination. Therefore, Elliott has failed to show that his confrontation rights were not satisfied.

Because Elliot has failed to demonstrate that the state court's consideration of this claim was either contrary to or an unreasonable application of federal law, or to, in any respect, demonstrate a violation of his constitutional rights entitling him to habeas relief, the Court adopts the R&R on this ground for relief, and denies this ground with prejudice.

**B.    Sub-Claim One of Ground Five**

In sub-claim one of Ground Five, Elliott claims that the trial court failed to properly consider the reliability and validity of the MGQT polygraph. Dkt. 1 at 26. "[A] federal habeas court may not prescribe evidentiary rules for the states." *Swan v. Peterson*, 6 F.3d 1373, 1382 (9th Cir. 1993). Consequently, alleged errors in the admission of the evidence are generally a matter of state law and are not cognizable in a federal habeas corpus proceeding. *Estelle v. McGuire*, 502 U.S. 62 (1991). In this case, the Washington Court of Appeals concluded that the trial court did not abuse its discretion in admitting the stipulated State-conducted MGQT polygraph results. That court held that polygraph results are admissible if the prosecutor and defendant stipulate

1 to their admission and the stipulation must allow the opposing party to cross-examine the

2 test examiner about his qualifications and training, the test conditions, the limitations of

3 the test and potential for error, and any other matter the trail court deems pertinent. *State*

4 *of Washington v. Elliott*, 121 Wn. App 404, 407 (2004). Elliott fails to cite any United

5 States Supreme Court precedent to invalidate the state rule allowing conditional

6 admission of the stipulated polygraph results if the opposing party is allowed to cross-

7 examine the test examiner. In the absence of the United States Supreme Court precedent

8 on point, the Washington Appellate Court did not reach a result that was contrary to or an

9 unreasonable application of clearly established law. Therefore, the Court adopts the

10 R&R on this ground and dismisses this ground with prejudice.

11 **C.     Ground Nine**

12      In Ground Nine, Elliott asserts that the admission of various child hearsay

13 statements was in error because MJ was unavailable pursuant to RCW 9A.44.120 and,

14 therefore, before any child hearsay statements could be admitted the trial judge had to

15 independently determine whether the statements met the requirements of RCW

16 9A.44.120(1) and (2)(b).

17      Liberally construed, Elliott's habeas claim may be interpreted as a claim that his

18 due process rights were violated when the second trial court adopted the first trial court's

19 competency findings without holding a separate hearing. Where state or federal law

20 provides that a competency determination must be made, failure to conduct an

21 appropriate hearing implicates a defendant's due process rights. *Sinclair v. Wainwright*,

22 814 F.2d 1516, 1522-23 (11th Cir. 1987); *see Kentucky v. Stincer*, 482 U.S. 730, 745

1  (1987). However, Elliott cites no authority in support of the proposition that the trial
2  court must conduct separate hearings at each trial involving the same child hearsay
3  statements. Moreover, the trial court has wide discretion in determining how best to
4  manage the issues before it. *Snyder v. State*, 19 Wn. App. 631, 636 (1978). Not only
5  have at least two Washington courts[2] characterized prior rulings that a hearsay statement
6  complied with RCW 9A.44.230 as the law of the case and dispensed with any further
7  hearsay hearings on those statements, but the record of this case reflects that the trial
8  court inquired extensively into the matter and heard substantial testimony indicating that
9  MJ was competent. Dkt. 26, Exhibit 19, Verbatim Report of Proceedings, at 57-91.
10 Accordingly, there was no due process violation, and as previously held, there was no
11 confrontation clause violation.

12 In interpreting the decisions of the trial court, the Washington Appellate Court did
13 not reach a result that was contrary to or an unreasonable application of clearly
14 established law. Therefore, the Court adopts the R&R on this ground and dismisses this
15 ground with prejudice.

16 **D.    Certificate of Appealability**

17 A certificate of appealability may issue only where a petitioner has made "a
18 substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).
19 A petitioner satisfies this standard "by demonstrating that jurists of reason could conclude

---

[2] *In re Pers. Restraint of Grasso*, 151 Wn.2d 1, 7-8 (2004); *State v. Przybylski*, 48 Wn. App. 661, 663 (1987).

1 | the issues presented are adequate to deserve encouragement to proceed further." *Miller-
2 | El v. Cockrell*, 537 U.S. 322, 327 (2003).

3     Under this standard and based on a thorough review of the R&R, the record, and analysis of the case law in this case, the Court concludes that Elliott is not entitled to a certificate of appealability with respect to Grounds Two, Sub-Claim One of Ground Five, and Ground nine of his habeas petition.

## II. ORDER

Therefore, the Court having considered the R&R, Elliott's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Elliott's Second, First Part of the Fifth, and Ninth Ground for relief are **DENIED**; and

(3) Elliott is not entitled to a Certificate of Appealability with respect to Grounds Two, Sub-Claim One of Ground Five, and Ground Nine of his habeas petition.

Dated this 6 day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge